Nevius, J.
The case presented by the parties, shows, that one Garret Van Middlesworth made an assignment to the plaintiff in Certiorari, for the benefit of creditors, in August, 1836. That in January, 1837, the claimant Drost, filed with the assignee, a claim of four hundred and eighty-seven dollars and thirty-eight cents, on a promissory note dated the 17th June, 1836, and payable on demand for that sum, to which he annexed an affidavit, that the same was justly due to him from Van Middlesworth.
To this claim, the assignee filed exceptions, which pursuant to the provisions of the sixth section of the said act, came on to be heard before a jury at the Somerset Pleas in the term of June, 1839. Before the jury were sworn, the assignee objected to the hearing of the ease, and produced the record of a judgment in the same court, against Van Middlesworth and in favor of Drost, dated the 18th June, 1836, for four hundred and eighty-seven dollars and thirty-seven cents, being a judgment by confession *337 on the same note, and which was afterwards filed as a claim with the assignee : and also an order of the said court of Common Pleas, in October term, 1836, setting aside said judgment, on the ground of fraud and want of consideration in the note; and thereupon prayed that the claim be dismissed, and the jury discharged. The court refused to do so, and directed the jury to be sworn.
The jury rendered a verdict for the claimant for four hundred and thirty-three dollars. To set aside these proceedings, this Certiorari is brought.
The counsel for the defendant have raised several preliminary questions.
First, That a Certiorari could only be brought in this case, either before issue joined, or after a final adjudication by the court. That this Certiorari was presented after issue and before any such final judgment. In answer to this objection, it is sufficient to say, that this is a proceeding directed by the statute tO‘ ascertain and determine by the verdict of a jury, whether the claim presented is just and lawful. And upon that verdict, there is no judgment rendered. The court may hear the proofs and allegations or allow the parties to have the controversy settled by a jury. It is wholly a summary proceeding, and the verdict is directory to the assignee to accept or reject the claim. A Certiorari therefore is the proper remedy, and as it is brought to set aside the verdict, and not a judgment of the court, it is properly brought in the present case.
Again, it was objected, that the return was defective inasmuch as it did not certify the record, but a copy of the record, and that it was not under the seal of the court. The return is conformable to the practice of this court. Copies of the proceedings are usually sent up by the direction of the court below, certified by the clerk as the record of the proceedings, under his official seal. If copies are to be received, the clerk’s seal is the proper attestation to the return. But if there be error in this practice, this court would not dismiss the Certiorari without allowing the party time to amend the return. As the counsel however, were willing to abide the practice of the court in relation to the return, and as the return is in conformity with the general practice, if there be error, it will be considered as amended mina pro tuno.
*338 Much evidence was received before the jury, touching the validity of the defendant’s claim. It is not necessary however, to examine this evidence in detail, and determine whether it sustained the verdict.
The plaintiff has assigned two errors upon which he relies for the reversal of the proceedings before the jury.
The first is, that the court below permitted the claimant to give evidence in support of his note, which he had filed with the assignee as his claim, after it had been proved that a judgment entered upon that note by confession, had been set aside by the court, for fraud and want of consideration in the note. The case presented shows, that this judgment was set aside on the ground of fraud and want of consideration in the note. The setting aside the judgment for fraud, may not have affected the validity of the note. It might have been for fraud in the entry of the judgment itself as in violation of the plaintiff’s agreement as to time, or other matter. Nor is it clear, that vacating this judgment for want of consideration in the note, extended to the whole consideration. The court of Common Pleas may have found, that part only of the sum mentioned in the note, was due, and considered this as a sufficient ground for setting aside the judgment. I cannot therefore say, that upon the trial before the jury, the court erred in permitting the plaintiff to prove the execution of the note, and then suffering him, as they did, to prove the consideration.
2. But it is urged in the second place, that the court erred in refusing to hear the testimony of F. Van Derveer who was offered by the plaintiff in Certiorari, as a witness, on the ground that be was one of the sureties in the official bond given by the assignee, under the statute. In this, the court were clearly wrong. The witness was not disqualified by means of such suretyship. It did not create in him any interest in the result of that verdict.
For this cause let the proceedings be set aside.
Hornblower, C. J. and Justices White and Elmer, concurred.

Proceedings set aside.